UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

KOPELMAN & KOPELMAN LLP
90 Main Street, Suite 205
Hackensack, NJ 07601
Tel: 201 489-5500
Fax: 201489-7755
Michael S, Kopelman, Esq. (MSK 6104)
*Attorneys for John W. Sywilok, Chapter 7 Trustee*
*for the Bankruptcy Estate of John Patrick O'Grady*

| | |
|---|---|
| In Re: | CHAPTER 7 |
| JOHN PATRICK O'GRADY | CASE NO. 19-19513 |
| Debtor | JUDGE: JKS |
| JOHN W. SYWILOK, as Trustee of the Bankruptcy Estate of John Patrick O'Grady | Adv. Proc. No. |
| Plaintiff, | |
| v. | |
| John Patrick O'Grady, Everbank, Bank of America, N.A., Internal Revenue Service and Barry R. Donaldson | |
| Defendants. | |

**COMPLAINT TO ESTABLISH NATURE, EXTENT AND VALIDITY OF LIENS REGARDING 91 MIDVALE MOUNTAIN ROAD, MAHWAH, NJ AND RELATED RELIEF**

Plaintiff, John W. Sywilok (the "Plaintiff"), the duly appointed Chapter 7 Trustee for John Patrick O'Grady, Case No. 19-19513, by counsel, for his *Complaint to Establish Nature, Extent and Validity of Liens Regarding 91 Midvale Mountain Road, Mahwah, NJ and Related Relief* (the "Complaint") against the Defendants, John Patrick O'Grady,

Everbank, Bank of America, N.A., Internal Revenue Service and Barry R. Donaldson alleges and says:

## JURISDICTION, VENUE AND PARTIES

1. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue lies in this district pursuant to 28 U.S.C. § 1409.

4. Defendant, John Patrick O'Grady is an individual residing at 91 Midvale Mountain Road, Mahwah, New Jersey 07430 and is the debtor in this bankruptcy case.

5. Defendant Everbank is a lender whose address is 301 West Bay Street, Jacksonville, Florida 32202.

6. Defendant Bank of America, N.A. is a lender whose address is 100 North Tryon Street, Charlotte, NC 28255.

7. Defendant Internal Revenue Service is an agency of the United States government charged with collecting taxes.

8. Defendant Barry R. Donaldson is an individual residing at 19 Sheila Avenue, Unit C212, North Chelmsford, MA 01863

9. The Plaintiff is the Trustee in bankruptcy of John Patrick O'Grady, Case No. 19-19513-JKS and maintains his law offices at 51 Main Street, Hackensack, New Jersey 07601.

10. This Complaint is to establish the nature, extent and validity of liens regarding 91 Midvale Mountain Road, Mahwah, New Jersey ("the property") owned by defendant debtor John Patrick O'Grady and other related relief.

## COUNT ONE

11. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 10 of this complaint as if set forth at length herein and incorporates the same by reference as if set forth *verbatim*.

12. According to search of Bridgeview Abstract, Inc. dated 8/9/19, a copy of which is attached hereto as **Exhibit A**, the owner of record of 91 Midvale Mountain Road ("the property") is John Patrick O'Grady, the debtor herein.

13. The property is encumbered by a first mortgage assigned to Everbank and a *lis pendens* recorded 5/15/17.

14. The Trustee demands that Everbank prove the nature, extent validity and amount of the mortgage it holds on the property and in default thereof that its mortgage be declared null, void and of no effect holden and that the *lis pendens* be deemed discharged.

## COUNT TWO

15. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 14 of this complaint as if set forth at length herein and incorporates the same by reference as if set forth *verbatim*.

16. According to Exhibit A, Bank of America N.A. holds a second mortgage on the property.

17. The Trustee demands that Bank of America N.A. prove the nature, extent validity and amount of the mortgage it holds on the property and in default thereof that its mortgage be declared null, void and of no effect holden.

## COUNT THREE

18. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 17 of this complaint as if set forth at length herein and incorporates the same by reference as if set forth *verbatim*.

19. According to Exhibit A, the Internal Revenue Service filed a Notice of Federal Tax Lien on 4/6/04 in the amount of $20,825.35.

20. Upon information and belief, said Federal Tax Lien has been paid or otherwise satisfied.

21. The Trustee seeks a declaration that Notice of Federal Tax Lien filed 4/6/04 be declared null, void and of no effect holden.

## COUNT FOUR

22. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 21 of this complaint as if set forth at length herein and incorporates the same by reference as if set forth *verbatim*.

23. On 6/7/19 defendant Barry R. Donaldson ("Donaldson") filed a proof of claim herein (claim 1-1), claiming a $1,237,600.00 secured claim on the property by virtue of levy by the Bergen County Sheriff on 2/4/19.

24. Lacking from the filed proof of claim is proof a State Court order authorizing a levy on debtor's real property. The failure to file and prosecute a motion

against the debtor pursuant to R. 4:59 (d)(1) and obtain an order of the court authorizing the purported levy made by the Bergen County Sheriff on 2/4/19, renders such levy void.

25. Pursuant to 11 U.S.C. § 544 (a) (2) plaintiff Trustee has, as of the commencement of this case, and without regard to any knowledge of the Trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a creditor that extends credit to the debtor at the time of the commencement of the case and obtains at such time and with respect to such credit an execution against the debtor that is returned unsatisfied at such time whether or not such a creditor exists.

26. By virtue of 11 U.S.C. § 544 (a) (2), the Trustee has superior rights in the property than Donaldson has pursuant to judgment obtained by Donaldson against the debtor in the Superior Court of Massachusetts, Middlesex County bearing docket number 1881DVD1040 on 11/13/18 in the amount of $1,834,537.02, which was filed as a judgment lien in New Jersey on 8/17/18, DJ-165030-2018.

## COUNT FIVE

27. The Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 26 of this complaint as if set forth at length herein and incorporates the same by reference as if set forth *verbatim*.

28. According to debtor's budget filed 5/21/19, Debtor has monthly income of $7,000.00 plus $2,000.00 income from his non-filing spouse.

29. Debtor is liable to the Trustee for use and occupation expense of the property, the fair market monthly rental value of which is $4,500.00 per month from the date of the filing of debtor's petition herein on 5/9/19.

30. Said use and occupancy expense charge, if unpaid, may be set off against Debtor's claimed homestead exemption in the property of $22,975.00.

WHEREFORE, plaintiff John W. Sywilok in his capacity as chapter 7 Trustee of John Patrick O'Grady demands judgment as follows:

1. That defendant Everbank prove the nature, extent, validity and amount of its mortgage on the property and in default thereof that its mortgage and *lis pendens* be declared null, void and of no effect holden.

2. That defendant Bank of America prove the nature, extent, validity and amount of its mortgage on the property and in default thereof that its mortgage be declared null, void and of no effect holden.

3. For a determination that Notice of Federal Tax Lien filed by the Internal Revenue Service on 4/6/04 in the amount of $20,825.35 is null, void and of no effect holden.

4. For a determination that the levy of the Bergen County Sheriff on the property on 2/4/19 pursuant to judgment obtained by defendant Barry R. Donaldson on 11/13/18 and docketed in New Jersey on 8/17/18 be declared null, void and of no effect holden and for a declaration that the Plaintiff's rights in the property are superior to the rights of Barry R. Donaldson.

5. For a determination that the debtor John Patrick O'Grady owes the Plaintiff $4,500.00 per month commencing 5/9/19 for use and occupancy of the property and, to the extent unpaid, that said use and occupancy expense may be offset against Debtor's $22,975.00 exemption claim.

6. For such other and further relief as is just.

        KOPELMAN & KOPELMAN LLP

        /s/ Michael S. Kopelman
        By: Michael S. Kopelman

Dated: October 24, 2019