| | |
|---|---|
| **SUNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Caption in Compliance with D.N.J. LBR 9004-2(c)** <br> WASSERMAN, JURISTA & STOLZ, P.C. <br> 110 Allen Road, Suite 304 <br> Basking Ridge, New Jersey  07920 <br> Tele: (973) 467-2700 / Fax:  (973) 467-8126 <br> Counsel for Barry R. Donaldson, Defendant <br> **SCOTT S. REVER, ESQ.** | |
| In Re: <br><br> **JOHN PATRICK O'GRADY,** <br><br> Debtor. | Case No.: 19-19513 JKS <br><br> Chapter: 7 |
| **JOHN W. SYWILOK, as Trustee of the Bankruptcy Estate of John Patrick O'Grady**, <br><br> Plaintiff, <br> v. <br><br> **JOHN PATRICK O'GRADY, EVERBANK, BANK OF AMERICA, N.A., INTERNAL REVENUE SERVICE AND BARRY R. DONALDSON**, <br> Defendants. | Adv. Pro. No.: 19-02213 JKS <br><br> Judge: John K. Sherwood |

_____
**BARRY R. DONALDSON'S ANSWER TO COMPLAINT TO ESTABLISH NATURE, EXTENT AND VALIDITY OF LIENS REGARDING 91 MIDVALE MOUNTAIN ROAD, MAHWAH, NEW JERSEY AND RELATED RELIEF**
_____

Defendant Barry R. Donaldson ("Defendant Donaldson"), by and through his counsel, Wasserman, Jurista & Stolz, PC, respectfully submits this Answer to the Complaint to establish nature, extent and validity of liens regarding 91 Midvale Mountain Road, Mahwah, New Jersey and related relief filed by Plaintiff John W. Sywilok, Chapter 7 Trustee ("Plaintiff" or "Trustee") and represents to the court as follows:

1

## JURISDICTION, VENUE AND PARTIES

1. Defendant Donaldson admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant Donaldson admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Donaldson admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant Donaldson lacks knowledge as to where John Patrick O'Grady resides but admits he is the debtor in this case.

5. Defendant Donaldson lacks knowledge as to where Everbank's business address is located but admits it is a defendant in this case.

6. Defendant Donaldson lacks knowledge as to where Bank of America, N.A.'s business address is located but admits it is a defendant in this case.

7. Defendant Donaldson admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant Donaldson admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant Donaldson admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant Donaldson neither admits nor denies the allegations contained in Paragraph 10 of Plaintiff's Complaint as the Complaint speaks for itself.

## COUNT ONE, TWO, THREE AND FIVE

Counts One, Two, Three and Five of the Complaint are not directed to Defendant Donaldson and therefore Defendant Donaldson neither admits nor denies the allegations contained therein.

## COUNT FOUR

22. Defendant Donaldson repeats and re-alleges the allegations contained in paragraphs 1-21 of this complaint as if set forth at length herein and incorporates the same by reference as if set forth herein.

23. Defendant Donaldson admits the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant Donaldson admits that there is no State Court order under New Jersey Court Rule 4:59-1(d) since an order is not required to levy on real estate but denies the balance of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. The allegations contained in Paragraph 25 of Plaintiff's Complaint constitute a legal conclusion to which no response is required.

26. Defendant Donaldson denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

**WHEREFORE**, Defendant Barry R. Donaldson respectfully requests an order confirming that he has a valid and perfected judgment lien on the Debtor's property located at 91 Midvale Mountain Road, Mahwah, New Jersey (the "Property") in the amount of $1,237,600.00 which lien is superior to the Trustee's interest in the Property; that the Trustee may not sell the Property under 11 U.S.C. §363(b) and (f) as the Property is fully encumbered and there is no equity therein for the benefit of the bankruptcy estate; that the Trustee and his counsel shall not

be entitled to any fees or commissions or other amounts out of the proceeds of a sale of the Property as the Property and its proceeds are subject Defendant Donaldson's lien; that the Trustee shall not be entitled to any carve out from the sale of the Property under 11 U.S.C. §506(c) as Defendant Donaldson objects to and does not acquiesce to a sale of the Property by the Trustee and the Property is not being sold for Defendant Donaldson's benefit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

NJ Court Rule 4:59(d)(1) does not require a judgment creditor to get an order of the court as a condition to levying on real estate as alleged by the Trustee. Rule 4:59-1(d) requires an order before a judgment creditor may proceed to a sale of the debtor's real property. Accordingly, the sole basis alleged by the Trustee in the Complaint to avoid Defendant Donaldson's judgment lien lacks any legal basis and cannot be sustained.

    Respectfully submitted,

**WASSERMAN, JURISTA & STOLZ, PC**
Counsel to Barry R. Donaldson,
Defendant

Date:  December 30, 2019             /s/     SCOTT S. REVER____
                                             SCOTT S. REVER

S:\8590 Donaldson (O'Grady)\Answer.Doc

4